UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

ERIC S. SAYERS )
)
v. ) NO. 2:09-cv-257
) *Greer/Inman*
M. COLE, Officer # 5221, SGT. ARNOLD, )
LT. STRAYHORN, CAPT. MILLER, and )
SHERIFF ANDERSON )

**MEMORANDUM and ORDER**

Acting *pro se*, Eric S. Sayers, a prisoner in the Sullivan County Detention Center ("SCDC"), has filed this civil rights complaint under 42 U.S.C. § 1983 against the Sullivan County Sheriff and four of his officers. Although the application to proceed *in forma pauperis*, which plaintiff has submitted, reflects that he has a zero balance in his inmate trust account, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff therefore is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, twenty percent (20%) of

plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's current place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to: Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint asserts a single claim for an alleged deprivation of personal property. More specifically, plaintiff maintains that he was transported from the Johnson County jail to the SCDC, where he was booked into by defendant Officer Cole, badge number 5221, who told him that he was not permitted to wear his wedding ring at that facility. Defendant Cole took plaintiff's ring from him and

2

recorded the ring on plaintiff's property inmate inventory form as "1 yellow ring/mesh bag." However, when plaintiff was taken back to the Johnson County jail, his ring was not among his property items. When he inquired about the missing ring, no one acknowledged knowing anything about it. Plaintiff refused to sign on the release-of-property line and reported the missing jewelry. In the report, plaintiff stated that he would return to the SCDC and he did so. When he returned, he was issued a new property form, which does not list the ring on it. Plaintiff has filed three more reports, but has received no answers to his continued inquiries. He now brings this lawsuit for compensatory damages and reimbursement of the cost of the filing fee. For the reasons which follow, however, no service shall issue upon the complaint, and this action will be dismissed.

It is well-settled that a plaintiff may not maintain an action under § 1983 for a random and unauthorized deprivation of personal property, whether negligent, *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), or intentional, *Hudson v. Palmer*, 468 U.S. 517 (1984), if there is an adequate post-deprivation state remedy to address the claim and if there is no allegation that the procedures are actually inadequate to afford relief. *Parratt*, 451 U.S. at 543-44. Tennessee law provides plaintiff with a remedy, *see* Tenn. Code Ann. § 29-20-307; *see also Matthews v. Pickett County, Tennessee,* 46 Fed.App'x. 261, 2002 WL 2026008 (6thh Cir. Aug. 28, 2002), and he has made

3

no allegation that the procedures are inadequate to redress the alleged wrong.

Thus, in the absence of any allegations which would make out a valid constitutional claim for denial of due process, plaintiff fails to state a claim entitling him to relief under § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6).

A separate order of dismissal shall enter.


**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE